# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

        Plaintiff,

    v.                              **Case No. 19-MJ-02009-DPR**

**ROY L. NOREY,**

        Defendant.

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.  As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of being a felon in possession of a firearm which had traveled through interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2);
2. The defendant poses a risk to the safety of others in the community; and
3. The defendant poses a serious risk to flee.

## SUPPORTING SUGGESTIONS

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under

the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible.  In this case, the defendant is charged with being a felon in possession of a firearm which had traveled through interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), a crime for which a maximum term of 10 years' imprisonment is possible.

Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community.  *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above.  Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring.  *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

To further support the Government's contention that the defendant is a risk to the safety of the community and a risk to flee, the Government offers that the defendant has three felony convictions from Kane County, Illinois, for a 2000 conviction for Unlawful Delivery of a Controlled Substance; a 2003 conviction for Unlawful Delivery of a Controlled Substance; and a 2009 conviction for Possession of a Defaced Firearm.  The defendant also has a 2006 conviction from Cook County, Illinois, for Unlawful Delivery of a Controlled Substance.

As further support of the defendant's risk to the safety of the community, for the past year,

prior to his arrest on this complaint, the defendant has operated a music studio located in a residential/commercial area on College Street, in Springfield, Greene County, Missouri. During the time that the defendant has operated this music studio, he has hosted regular weekend parties at the music studio during which partygoers have engaged in illegal activity, including drug use, drug distribution, and the illegal possession of firearms. The defendant, and others, advertise the parties on social media. Attenders to these parties, including Larverne Hale, a defendant in an unrelated case, have posted online videos of the parties, which show drug distribution, drug use and persons in possession of the firearms. One such posted video clearly shows the defendant in possession of a firearm, of a different make and model than the one he was charged with in this criminal complaint.

On December 23, 2018, during a party at the College Street location, hosted by the defendant, Springfield Police Department (SPD) officers were called to the music studio for shots fired. When SPD officers arrived, they observed multiple individuals with gunshot wounds. One of the individuals eventually died from injuries inflicted.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney


By      /s/ Randall D. Eggert
        Randal D. Eggert
        Missouri Bar No. 39404
        Assistant United States Attorney
        901 St. Louis Street, Suite 500
        Springfield, Missouri 65806-2511

## Certificate of Service

      The undersigned hereby certifies that a copy of the foregoing was delivered on January 24, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney